**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01329-REB-BNB

WILLIAM CARSON,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,

    Defendant.

**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

The matter before me is **Defendant's Motion for Summary Judgment** [#29][1]

filed March 8, 2011. I grant the motion in part and deny it in part.[2]

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of

citizenship).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material

fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c);

***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265

---

[1] "[#29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

(1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  ***Concrete Works***, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999).

### III.  ANALYSIS

On July 21, 2009, plaintiff, an inmate at the Kit Carson Correctional Facility in Burlington, Colorado, severely injured his hand when he inadvertently knocked the toggle switch of a table saw on which he was working in the prison's maintenance shop. Plaintiff alleged a single, undenominated claim for relief against defendant which sounded in negligence.  By this motion for summary judgment defendant maintains that any such claim is preempted by the Colorado Premises Liability statute, §13–21-115,

C.R.S., that plaintiff cannot support a claim under that statute as a matter of law, and alternatively, that if the claim is properly prosecuted as one for negligence, it is entitled to judgment as a matter of law based on plaintiff's assumption of the risk.  While I agree that plaintiff's exclusive remedy lies under the premises liability statute, I nevertheless find that genuine issues of material fact preclude summary judgment in favor of defendant as to that claim.

As defendant notes, and plaintiff does not openly contest, plaintiff's remedy for any negligence of defendant in causing his injuries lies exclusively under the premises liability statute.  *See Lombard v. Colorado Outdoor Education Center, Inc.*, 187 P.3d 565, 574 (Colo. 2008); *Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004).[3]  Pursuant to that statute, defendant's liability, as the landowner of the property on which the injury occurred, *see* §13-21-115(1), C.R.S.,[4] varies depending on whether plaintiff is characterized as an invitee, a licensee, or a trespasser:

> (3)(a)  A trespasser may recover only for damages willfully or deliberately caused by the landowner.

---

[3] Plaintiff's failure to properly denominate his cause of action is no barrier to his proceeding with the claim.  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). "As a general rule, a plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits."  *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991) (citation and internal quotation marks omitted).  Defendant cannot claim to have been prejudiced by plaintiff's failure to properly denominate his claim as arising under the premises liability statute.

[4] Under the statute, "'landowner' includes, without limitation, an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property." §13-21-115(1), C.R.S.

# Case 1:10-cv-01329-REB-BNB Document 45 Filed 05/03/11 USDC Colorado Page 4 of 7

> (b) A licensee may recover only for damages caused:
>
> (I) By the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner of which the landowner actually knew; or
>
> (II) By the landowner's unreasonable failure to warn of dangers not created by the landowner which are not ordinarily present on property of the type involved and of which the landowner actually knew.
>
> (c)(I) . . . . [A]n invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known.

§13-21-115(3), C.R.S. These classes are defined by statute as well:

> As used in this section:
>
> (a) "Invitee" means a person who enters or remains on the land of another to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain.
>
> (b) "Licensee" means a person who enters or remains on the land of another for the licensee's own convenience or to advance his own interests, pursuant to the landowner's permission or consent. "Licensee" includes a social guest.
>
> (c) "Trespasser" means a person who enters or remains on the land of another without the landowner's consent.

§13-21-115(5), C.R.S. While acknowledging that plaintiff was not a trespasser, defendant maintains that he is most properly characterized as a licensee.

I disagree. Although the issue has never been decided under the Colorado statute, my examination of the language of the statute and my review of the scant caselaw from other courts convinces me that plaintiff is more properly viewed as an

4

invitee. The definition of a licensee – one who is on the property for his "own convenience or to advance his own interests" – presupposes an element of volition in the person's presence on the land. Yet it appears safe to assume that plaintiff was not in the jail voluntarily, nor is it likely he had a choice regarding his place of incarceration. Moreover, although a licensee must take the premises as the possessor itself uses them, without expectation that any special precautions have been taken for his safety, *see* **RESTATEMENT (SECOND) OF TORTS** § 330, cmt. h(3), plaintiff's incarcerated status gave him a legitimate expectation that defendant would provide a measure of safety in his living and working environment, *see **Clemmons v. Bohannon***, 956 F.2d 1523, 1531 (10th Cir. 1992) (en banc) (noting the "well-settled principle:  the state is under a constitutional mandate to take reasonable steps to provide a safe and sanitary environment for those incarcerated"). I therefore cannot conclude that plaintiff was a licensee in the context of this case.

Although a prisoner is perhaps not the most typical example, plaintiff's circumstances are most closely analogous to that of an invitee. Plaintiff and defendant shared a mutual interest in plaintiff's presence in the jail, plaintiff as a person required to serve out a justly imposed term and defendant as the entity contracted with the state to provide the place of his incarceration. Although plaintiff was not a member of the general public, he was a member of a class of persons for whom the jail was specifically designed and intended as a place of work, housing, and recreation, and in that sense, was a member of a specific branch of the public for whom the property was required to be maintained. The other courts that have had occasion to address this issue also have

found that prisoners are invitees with respect to the prison where they are incarcerated. *See Wilkerson v. United States*, 2010 WL 1462542 at *5 (M.D. Pa. April 9, 2010) (citing *Graf v. County of Northampton*, 654 A.2d 131, 133-34 (Pa. Commw. Ct. 1995)) (construing Pennsylvania law); *Schwensow v. United States*, 2010 WL 1064062 at *2 (E.D. Mich. Feb. 16, 2010) (construing Michigan law) (mag. judge op.), *adopted*, 2010 WL 1064006 (E.D. Mich. March 22, 2010).  I therefore find and conclude that plaintiff was an invitee for purposes of his premises liability claim.

Except in circumstances not relevant here, a landowner is liable to an invitee for any "unreasonable failure to exercise reasonable care to protect against dangers of which [it] actually knew or should have known." §13-21-115(3), C.R.S.  Given this standard, I find that there are multiple issues of genuine fact that preclude summary judgment in favor of defendant.  Moreover, although assumption of the risk remains a viable defense as against claims under the premises liability statute, *see* §§13-21-115(2) & 31-21-111.7, C.R.S., the issue is almost always one for the jury, *see Pletchas v. Von Poppenheim*, 365 P.2d 261, 262 (Colo. 1961).[5]  This case presents no special circumstance on that account warranting an exception to this general principle.

### IV. ORDERS

**THEREFORE, IT IS ORDERED** that **Defendant's Motion for Summary Judgment** [#29], filed March 8, 2011, is **GRANTED IN PART** and **DENIED IN PART**, as follows:

 1. That the motion is **GRANTED** to the extent it seeks a determination that

---

[5] The fact that the three cases defendant cites for a contrary position are all more than 80 years old might have been some indication of the viability of this argument.

plaintiff's sole remedy lies under the Colorado Premises Liability Act; and

2.  That in all other respects, the motion is **DENIED**.

Dated May 2, 2011, at Denver, Colorado.

                                         **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge